47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackson O. DILTS, Defendant-Appellant.
 No. 93-4106.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: WELLFORD,RYAN,and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant, Jackson Dilts, appeals his conviction and sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. Sec. 371, and tax evasion, in violation of 26 U.S.C. Sec. 7201. We are asked to determine (1) whether the evidence was sufficient to support the convictions; (2) whether the district court erred when it increased the defendant's sentence for being an organizer or leader of criminal activity; and (3) whether the district court erred when it increased the defendant's sentence for abusing a position of trust.
 
 
 2
 We conclude that the evidence was sufficient to support the defendant's convictions and that the defendant's sentence was properly increased for abusing a position of trust. However, the district court erred in increasing the defendant's sentence for being an organizer or leader of criminal activity that involves five or more participants.
 
 
 3
 Accordingly, the sentence is vacated and the case is remanded for resentencing.
 
 I.
 
 4
 The defendant, Jackson Dilts, was the manager of the petroleum department of Luckey Farmers Farm Cooperative, Inc. from 1983-1989. During this time, federal law imposed a tax on the sale of diesel fuel for use on the highways, but no tax was imposed on diesel fuel sold for agricultural purposes. In 1984, the defendant began instructing fuel delivery truck drivers to make deliveries of untaxed diesel fuel to A & S Arco, a retail station. The defendant determined the price of the fuel to be delivered and instructed drivers Martin Sipperly and codefendant Ronald Schnitker to make deliveries of fuel to A & S Arco and to bill the fuel as cash sales for agricultural use.
 
 
 5
 In 1985, the defendant entered into an agreement with codefendant James Salter, the owner of a truck stop called AllAmerican Truck and Trailer Service, Inc., under which defendant agreed to guarantee Salter a profit margin of six cents per gallon on the sale of Luckey Farmers' fuel. The defendant and Salter agreed that some of the diesel fuel delivered to the truck stop would be untaxed so that Salter could maintain his profit margin.
 
 
 6
 The defendant directed Schnitker and the other drivers who delivered untaxed fuel to AllAmerican to prepare false invoices so that it would appear that the untaxed loads delivered to the truck stop were delivered to unnamed customers for agricultural use. The defendant also personally made deliveries of untaxed fuel to AllAmerican, and falsified invoices, purchase orders, and other documents.
 
 
 7
 The jury returned a verdict of guilty on all nine counts of the indictment. The district court sentenced the defendant to concurrent 33-month terms of imprisonment on each count, to be followed by two years of supervised release. In calculating the sentence, the district court increased the defendant's sentence for being a leader of a criminal enterprise involving five or more participants and for abusing a position of trust.
 
 II.
 
 8
 The first assignment of error is that the evidence was insufficient to support the convictions. In reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 9
 We have reviewed the record with care and we are satisfied that there is abundant evidence, including what we have recounted above, to warrant a rational factfinder in concluding, beyond a reasonable doubt, that Dilts committed the offenses of which he was convicted.
 
 III.
 
 10
 The second and third assignments of error relate to the defendant's sentence and require more extensive discussion. Factual findings for application of the sentencing guidelines need not be based on proof beyond a reasonable doubt, but need only be supported by a preponderance of the evidence. United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir. 1990). This court applies a clearly erroneous standard of review to the district court's factual findings, and, while giving due deference to the district court's application of the guidelines to those facts, it renders de novo review of the district court's legal conclusions. United States v. Garner, 940 F.2d 172, 174 (6th Cir. 1991).
 
 
 11
 First, the defendant claims that the district court erred in enhancing the defendant's sentence under U.S.S.G. Sec. 3B1.1(a)(1991). The district court enhanced the defendant's base offense level under U.S.S.G. Sec. 3B1.1(a)(1991) which provides that if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the base offense level should be increased by four levels.
 
 
 12
 At sentencing, the district court made the following statements regarding the defendant's objection to a sentence enhancement under U.S.S.G. Sec. 3B1.1(a)(1991):
 
 
 13
 The objection being that "the defendant denies specifically that he organized and led the activities of six other participants. He admits that he participated in the scheme, but maintains that his superior, Daniel Walski, organized this activity." Well, this Court sat there for how many days it was and heard all this testimony just like everybody else did, and if the defendant here, Mr. Dilts, wasn't pulling the strings, I don't know who was. Whether Walski was involved or not is in one respect irrelevant here. The CEO of the operation clearly is Mr. Dilts and that paragraph willstand.
 
 
 14
 Although the district court made no finding explicitly identifying the "six other participants in the scheme," we assume, from our own examination of the record, that the court had in mind James Salter, Ronald Schnitker, James Sander, Martin Sipperly, William Dahne, and David Genson. However, the record does not establish by a preponderance of the evidence that five or more participants were involved in the criminal activity. The record reveals that only a maximum of four individuals were participants.
 
 
 15
 James Salter, the owner of AllAmerican Trucking, and Ronald Schnitker were clearly criminally culpable participants. Ronald Schnitker was the principal deliverer of untaxed fuel to Salter. Schnitker received a $50 tip from Salter for virtually every untaxed load of fuel he delivered to AllAmerican from 1986-1989. He did not report the tips on his income tax returns. He also falsified invoices. Schnitker made at least one, and sometimes more, stops at AllAmerican per day, delivering up to 2,000 gallons of fuel per day. From 1986-1989, every delivery of fuel Schnitker made to AllAmerican was untaxed. Both admitted criminal culpability in the scheme and pleaded guilty.
 
 
 16
 James Sander and Martin Sipperly delivered untaxed fuel to AllAmerican, but both refused to deliver fuel to AllAmerican once they knew that the deliveries were illegal. Even though they ceased delivering untaxed fuel, they can be counted as the third and fourth participants. There is no evidence in the record, however, to support the "finding," ifindeed the court made one, that two other Luckey Farmers drivers, WilliamDahne and David Genson, were criminally culpable participants.
 
 
 17
 Therefore, it was clearly erroneous for the district court to enhance the defendant's sentence under Sec. 3B1.1(a) of the sentencing guidelines.
 
 
 18
 The defendant also argues that the district court erred in enhancing the defendant's sentence under U.S.S.G. Sec. 3B1.3 for abusing a position of trust. Section 3B1.3 provides, in part:
 
 
 19
 Ifthe defendant abused a position of public or private trust, or used a special skill,in a manner that significantly facilitated the commission or concealment of the offense, increase [the offense level] by 2 levels.
 
 
 20
 "For the increase to apply, '[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely provided an opportunity that could easily have been afforded to other persons."' United States v. Williams, 993 F.2d 1224, 1227 (6th Cir. 1993)(citing U.S.S.G. Sec. 3B1.3, comment. (n.1)).
 
 
 21
 The evidence is that the defendant was hired because of his education and experience in the petroleum industry. He determined the price of fuel to be charged each customer, supervised the deliveries and the completion of fuel delivery invoices, ordered the fuel,prepared the purchase orders and prepared ledgers of fuel deliveries. These are unquestionably indicia of a position of private trust. Dan Walski, the general manager of Luckey Farmers, on the other hand, spent virtuallyno time reviewing the operation of the fuel department. The defendant, thus, had fullcontrol over the department and the trust of Walski to run the operation.
 
 
 22
 This position of trust that the defendant possessed also facilitated the commission of the crimes. First, Dilts alone had the discretion to determine the price to be charged to a customer. Second, Dilts refused to give the pricing information for the AllAmerican account to any driver who delivered untaxed fuel and refused to falsify the invoices. In addition, the defendant was responsible for supplying product codes to the drivers to enter on the invoices. These false codes resulted in the preparation and filing of erroneous tax information. The defendant also controlled the information that was recorded on diesel fuel purchase orders which was crucial to the preparation and filing of tax returns.
 
 
 23
 Thus, it was not clearly erroneous for the court to find that the defendant "abused a position of trust ... in a manner that significantly facilitated the commission" of the offenses of which he was convicted, and to enhance the defendant's sentence accordingly under Sec. 3B1.3.
 
 IV.
 
 24
 The defendant's convictions are AFFIRMED. The defendant's sentence is VACATED and REMANDED for resentencing.